KLEINFELD, Senior Circuit Judge,
concurring:
I agree that we should affirm the dismissal and remand with leave to amend. I write separately only to clarify one proposition. Cheramie may be able to plead that the defendant sold a sleep aid while falsely marketing it as a relaxation aid. That may be a good claim under state law.[1]
Sleep and relaxation are different. People may relax by playing golf, paddling a canoe, or having cocktails with friends. Nobody sleeps while swinging a club or paddling a canoe, and ideally guests do not retire for a nap at a cocktail party. Melatonin is a hormone the body secretes, and the brownies contain, to promote sleep.
The reason I concur in the dismissal is that I am not entirely sure what Cheramie has pleaded, because the complaint is not “simple, concise, and direct” as required by Federal Rule of Civil Procedure 8(d). The complaint contains implausible allegations about the dangerous and “life threatening” side effects of the brownies. I cannot tell whether Cheramie is pleading that a sleep aid was sold deceptively as a relaxation aid, or that the melatonin *629 brownies are dangerous to health and are not labeled as such. The facts pleaded would not support the latter claim.
Accordingly, I concur.

. California Unfair Competition Law, Cal. Bus. & Prof.Code § 17200; California False Advertising Law, Cal. Bus. & Prof.Code § 17500; and California Consumers Legal Remedies Act, Cal. Civ.Code § 1770.